United States District Court
Southern District of Texas
**ENTERED**
June 14, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-12-479-2 |
| v. | § | |
| | § | CIVIL ACTION H-16-1995 |
| WALTER KEITRIC FREEMAN | § | |

### MEMORANDUM OPINION AND ORDER

Defendant, a federal prisoner represented by counsel, filed this section 2255 motion challenging his convictions and sentences for conspiracy to interfere with commerce by robbery and discharging a firearm during a crime of violence. (Docket Entry No. 197.) The Government filed a motion for summary judgment premised on Defendant's plea agreement waiver. (Docket Entry No. 201.) Defendant filed a response in opposition. (Docket Entry No. 202.)

Having reviewed the section 2255 motion, the motion for summary judgment, the response, the record, and the applicable law, the Court GRANTS the Government's motion for summary judgment and DENIES section 2255 relief for the reasons that follow.

### *Background and Claims*

Defendant pleaded guilty to conspiracy to interfere with commerce by robbery and discharging a firearm during a crime of violence. The Court sentenced him to a total of 177 months' imprisonment, to be followed by a five-year term of supervised release, and ordered restitution in an amount of $200,000.00 and a $200.00 special assessment.

Defendant's appeal was dismissed as barred by his plea agreement waiver. *United States v. Freeman*, Appeal No. 13-20405 (5th Cir. 2014).

Defendant raises the following claims in his section 2255 habeas petition:

1. Pretrial counsel was ineffective in failing to

    a. properly communicate and inform him of the risks and consequences of pleading guilty as opposed to proceeding to trial;

    b. conduct an adequate, independent pretrial investigation;

    c. file pretrial motions to put the Government's case to an adversarial test; and

    d. negotiate a favorable plea agreement.[1]

2. Sentencing counsel was ineffective in failing to

    a. review, discuss and explain the PSR;

    b. file a memorandum in mitigation of punishment; and

    c. object to the sentence as substantially unreasonable.

The Government argues that these claims are barred by Defendant's plea agreement waiver and that habeas relief should be denied.

---

[1]Defendant omits this fourth sub-claim in his memorandum of law. (Docket Entry No. 198, p. 18.) Because he presents no argument or factual allegations in support of the fourth sub-claim, it will not be addressed. *See Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (holding that a statement of a legal conclusion, without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue). In the alternative, the Court finds that Defendant fails to show entitlement to habeas relief on the issue.

## *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

*Analysis*

In his written plea agreement executed and filed in this criminal case, Defendant agreed to the following provisions:

> 8. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. In the event the defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

(Docket Entry No. 90.)

During the plea hearing, the Court inquired into the voluntariness of Defendant's written plea agreement:

> THE COURT: All right. Counsel, I understand there's a written plea agreement in this case?
>
> MS. BASILE: Yes, Your Honor.
>
> THE COURT: All right. And let's see, this is being offered pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.
>
> MS. BASILE: That's correct, Your Honor.
>
> THE COURT: All right. Ms. Basile, would you please summarize the essential terms of the plea agreement.
>
> MS. BASILE: Yes, Your Honor. The defendant agrees to plead guilty to Counts 1 and 5 of the indictment and to fully cooperate with the United States. The government will not oppose the defendant's request for acceptance of responsibility and will dismiss Count 4 of the indictment and recommend a 5K1 downward departure if appropriate. The defendant also waives his right to an appeal and to collaterally attack his conviction.

THE COURT:   All right. Thank you, Ms. Basile. [Defense counsel], is that your understanding of the terms of the plea agreement?

DEFENSE COUNSEL:   Yes, Your Honor.

THE COURT:   And have you gone over this plea agreement with your client?

DEFENSE COUNSEL:   Yes, I have, Your Honor.

THE COURT:   And answered all of his questions?

DEFENSE COUNSEL:   Yes, Your Honor.

THE COURT:   All right. Mr. Freeman, is that your understanding of the agreement that you have with the government in this case?

THE DEFENDANT:   Yes, sir.

THE COURT:   All right. And have you gone over this plea agreement with your attorney?

THE DEFENDANT:   Yes, sir.

THE COURT:   And do you understand it?

THE DEFENDANT:   Yes, sir.

(Docket Entry No. 148, pp. 14–16.)

On appeal, Defendant argued that the plea agreement waiver of appeal should not be enforced because his plea was not made voluntarily and knowingly. In rejecting this argument, the Fifth Circuit Court of Appeals held as follows:

> Walter Keitric Freeman pleaded guilty to conspiracy to interfere with commerce by robbery (count one), in violation of 18 U.S.C. § 1951(a), and discharging a firearm during a crime of violence (count five), in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced him to

consecutive terms of 57 months' and 120 months' imprisonment for counts one and five, respectively.

Freeman acknowledges his plea agreement contains a waiver of his right to appeal his sentence, but he claims the waiver should not be enforced because his guilty plea was not knowing and voluntary. He asserts he was never informed of the essential elements of his offenses and that he simply followed his defense counsel's instructions to agree to all of the district court's questions. He then proceeds to challenge two sentencing adjustments applied to his sentence.

Freeman contests the validity of his plea agreement on two grounds: he was uninformed as to all of the elements of the indictment which would later enhance his sentence; and he had the opportunity to neither read nor comprehend the plea agreement before his arraignment hearing. Freeman raises the second contention in his reply brief for the first time; in any event, it fails, as does his first assertion.

The district court asked Freeman, "Have you read and do you understand the plea agreement in this case?" to which he replied: "Yes, sir." Freeman also informed the district court during the hearing that he waived reading of the indictment. The district court nevertheless reviewed each element of both counts to which Freeman pleaded guilty, as well as the consequences of a guilty plea. Moreover, Freeman responded affirmatively that he understood the district court's questions. Freeman's "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted).

To determine the validity of an appeal waiver, this court conducts "a two-step inquiry." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citation omitted). Specifically, the court considers "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Id.*

The record shows that Freeman knew he had the right to appeal and that he was giving up that right as set forth in the plea agreement. The district court questioned whether Freeman knew he was waiving his right to appeal, to which Freeman responded "Yes, sir." The district court even summarized the meaning of waiver in layman's terms by stating: "[It] basically means that if you're unhappy with the result in this case, you are not going to be able to take that up to a higher court later on. Do you understand that?" Based on the plain language of the agreement, the waiver applies. *E.g.*,

6

> *Bond*, 414 F.3d at 544. Freeman's challenge to his sentence is thus barred by the valid appeal-waiver provision. *Id.*

*United States v. Freeman*, 583 F. App'x 308, 308 (5th Cir. 2014).

### *2014 DOJ Policy*

In its motion for summary judgment, the Government contends that Defendant's section 2255 motion and claims are barred by his plea agreement waiver.

In opposing the Government's argument, Defendant claims that, by attempting to enforce his 2013 plea agreement waiver in this case, the Government is violating its own internal policy set forth in the Department of Justice's ("DOJ") "New Policy to Enhance Justice Department's Commitment to Support Defendants' Right to Counsel," announced on October 14, 2014. Under that policy, the DOJ would no longer ask criminal defendants who plead guilty to waive their right to bring future claims of ineffective assistance of counsel. As to individuals in Defendant's position who executed waivers prior to October 14, 2014, prosecutors were to decline to enforce waivers in cases where defense counsel provided ineffective assistance resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that a court should resolve.

As shown by the latter provision of the policy, enforcement of plea agreement waivers executed prior to October 14, 2014, is essentially left to the discretion of prosecutors, to be determined on a case-by-case basis according to the facts of each case. The Government here has exercised its discretion to enforce Defendant's waiver.

Regardless, the DOJ internal policy, being neither constitutional nor federal law, provides Defendant no habeas benefit in this proceeding and has no limiting effect on this

Court's ability to enforce the waiver provision. Defendant is not entitled to habeas relief premised on the 2014 DOJ policy.

*Law of the Case*

The Government further argues that Defendant's assertions challenging the voluntariness of his plea agreement waiver are barred by the Fifth Circuit's decision in his direct appeal as the "law of the case."

On appeal, Defendant acknowledged that his plea agreement contained a waiver of his right to appeal his sentence, but claimed that the waiver should not be enforced because the plea agreement and waiver were not knowing and voluntary. Specifically, he asserted that he was never informed of the essential elements of his offenses and that he simply followed defense counsel's instructions to agree to all of the district court's questions. He further alleged that "he was uninformed as to all of the elements of the indictment which would later enhance his sentence; and he had the opportunity to neither read nor comprehend the plea agreement before his arraignment hearing." *Freeman*, 583 F. App'x at 308. Defendant recasts these arguments as claims for ineffective assistance of counsel in the instant proceeding.

On direct appeal, the Fifth Circuit noted that the record showed the following:

> The district court asked Freeman, "Have you read and do you understand the plea agreement in this case?" to which he replied: "Yes, sir." Freeman also informed the district court during the hearing that he waived reading of the indictment. The district court nevertheless reviewed each element of both counts to which Freeman pleaded guilty, as well as the consequences of a guilty plea. Moreover, Freeman responded affirmatively that he understood the district court's questions. Freeman's "solemn declarations in open court

8

carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted).

*Id.* The Fifth Circuit concluded:

> The record shows that Freeman knew he had the right to appeal and that he was giving up that right as set forth in the plea agreement. The district court questioned whether Freeman knew he was waiving his right to appeal, to which Freeman responded "Yes, sir." The district court even summarized the meaning of waiver in layman's terms by stating: "[It] basically means that if you're unhappy with the result in this case, you are not going to be able to take that up to a higher court later on. Do you understand that?" Based on the plain language of the agreement, the waiver applies. *E.g., Bond*, 414 F.3d at 544. Freeman's challenge to his sentence is thus barred by the valid appeal-waiver provision.

*Id.*

The Fifth Circuit's decision constitutes the law of the case, and bars this Court's reconsideration of the issues. *See United States v. Troutman*, 16 F.3d 1215, 1994 WL 57398, at *4 (5th Cir. 1994) (ruling that any decision made by the Fifth Circuit on direct appeal constitutes the "law of the case" for purposes of the section 2255 action). *See also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Defendant states that he "objects" to the Government's position because it contravenes the DOJ's 2014 internal policy provisions, but he otherwise presents no legal authority holding against application of the law of the case.

Exceptions to the law of the case doctrine are limited and allow reexamination only if (1) the evidence in a subsequent trial or proceeding was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such

issues, or (3) the decision was clearly erroneous and would work a manifest injustice. *See United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998). Defendant neither argues nor establishes that an exception applies in this case.

The Fifth Circuit's ruling that Defendant's plea agreement and waiver were made voluntarily and knowingly controls this Court's disposition of the issue here under the law of the case. *See U.S. Goudeau*, 512 F. App'x 390 (5th Cir. 2013) (holding that panel decision on direct appeal – that defendant's plea agreement waiver of right to seek post-conviction relief was enforceable notwithstanding his claim of ineffective assistance of counsel – was law of the case). *See also Gladney v. United States*, 2014 WL 7342045, at *6 (S.D. Tex. Dec. 23, 2014) ("However, in this case, the Fifth Circuit Court of Appeals has reviewed the record and dismissed the appeal, finding that both Gladney's plea and waiver were knowing and voluntary. . . . Under the law of case doctrine, these issues of fact and law decided on appeal may not be reexamined by the district court."); *United States v. Estrada*, 2017 WL 2422882, at *3 (S.D. Tex. June 5, 2017) (enforcing plea agreement waiver in context of section 2255 based on Fifth Circuit's determination that waiver was voluntary and knowing).

Accordingly, Defendant's plea agreement waiver was made voluntarily and knowingly, and Defendant's arguments to the contrary are barred by the law of the case.

### *Claims Barred by Waiver*

Even assuming arguendo that the law of the case were inapplicable, it is well-settled in this circuit that a defendant's waiver of collateral review in a plea agreement will be

upheld so long as the plea agreement and waiver were informed and voluntary. Consequently, a defendant's ineffective assistance of counsel claims raised in a section 2255 proceeding will generally be barred by the waiver. An exception exists for claims that ineffective assistance itself caused an involuntary and unknowing guilty plea or waiver. As held by the Fifth Circuit Court of Appeals in *United States v. White*, 307 F.3d 366, 343–44 (5th Cir. 2002),

> We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal *only when the claimed assistance directly affected the validity of that waiver or the plea itself* . . . . [W]e see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish.

*Id.* (emphasis added). *See also United States v. Wilkes*, 20 F.3d 651, 654 (5th Cir. 1994) (holding that waiver of right to seek section 2255 relief is indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (noting that section 2255 waivers are valid, except as to ineffective assistance of counsel claims that affect the validity of the waiver or the plea itself).

Conversely, a defendant's waiver will be enforced as to ineffective assistance of counsel claims that do not challenge the validity of the plea agreement or waiver, such as challenges to counsel's performance at sentencing. *White*, 307 F.3d at 343. Because Defendant's second ground for habeas relief in this proceeding challenges counsel's effectiveness at sentencing, his second ground must be dismissed as barred by waiver.

11

Additionally, as shown below, all but one of Defendant's sub-claims in his first ground for habeas relief would remain barred by waiver.

### *Defendant's Surviving Claim is Unsupported*

Assuming, again, that the law of the case were inapplicable, Defendant's sole claim that survives waiver is unsupported in the record and would warrant no habeas relief.

Defendant claims that he was deprived of effective assistance of counsel during pretrial and plea proceedings due to counsel's failures to (1) properly communicate with him and inform him of the circumstances and consequences of pleading guilty as opposed to proceeding to trial, (2) conduct an adequate and independent pretrial investigation, and (3) file any substantive pretrial motions to put the government's case to an adversarial test. (Docket Entry No. 197, p. 5.)

Of these claims, only the first sub-claim might arguably affect the validity of the waiver or the plea itself. However, Defendant fails to establish that, but for counsel's alleged error, he would have pleaded not guilty and proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Nothing in the record before this Court supports a reasonable probability that Defendant would have chosen to go to trial on multiple counts rather than plead guilty to two counts and minimize his sentencing exposure. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Defendant did not submit an affidavit factually supporting any of the bald assertions appearing in his petition, memorandum, or response, nor did he sign his pleadings under penalty of perjury. Defendant's habeas petition, memorandum, and response are rife with

generalizations and specious allegations bereft of any factual support in the record. Consequently, his allegations are conclusory and warrant no relief. *See Pineda*, 988 F.2d at 23 ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Moreover, Defendant's conclusory allegations of an involuntary and unknowing plea agreement and waiver are directly refuted by his own statements made on the record in open court, as noted by the Fifth Circuit in its opinion dismissing Defendant's appeal.

Although this Court reaches these conclusions in context of Defendant's first sub-claim, the record supports none of Defendant's claims in his first ground for habeas relief. Thus, even assuming the claims were not barred by waiver, they remain wholly unsupported in the record and would warrant no relief by this Court.

### *Evidentiary Hearing*

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motion, files, and records in this case conclusively show that Defendant is not entitled to habeas relief, no evidentiary hearing is necessary.

## *Conclusion*

The Government's motion for summary judgment (Docket Entry No. 201) is GRANTED. Defendant's motion for relief under section 2255 (Docket Entry No. 197) is DENIED. A certificate of appealability is DENIED.

The Clerk of Court is ORDERED TO ADMINISTRATIVELY CLOSE Defendant's ancillary civil case in C.A. No. H-16-1995 (S.D. Tex.).

Signed at Houston, Texas on June 14, 2018.

_____
Gray H. Miller
United States District Judge